■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v STEVEN HOLDER, Appellant. — Judgment, Supreme Court, New York County (Goodman, J.), rendered on July 3, 1980, unanimously affirmed. The case is remitted to the Supreme Court, New York County, for further proceedings pursuant to CPL 460.50 (subd 5). No opinion. Concur — Murphy, P. J., Kupferman, Sandler, Ross and Silverman, JJ.

■ In the Matter of GERALD A. GARBER, Petitioner, v HAROLD R. SODEN, as a Justice of the Supreme Court of the State of New York, Respondent. — Petition granted, and determination of respondent Justice of the Supreme Court adjudging petitioner in contempt of court, filed on October 24, 1980, unanimously annulled, and the fine of $250 imposed thereby remitted, on the law and the facts and in the exercise of discretion, without costs or disbursements. The record discloses the following pertinent facts. Petitioner, an Assistant Corporation Counsel engaged in a trial before respondent, fell ill on the way to court and returned home. His wife telephoned to his office to convey this information, which eventually reached a deputy division chief. The latter, endeavoring to communicate with petitioner's cocounsel assigned to the case and not finding him in his office, assumed incorrectly that petitioner's colleague was in court covering petitioner's assignment, and did nothing further. The court made several futile attempts to learn more about petitioner's absence, and a day of trial time was lost. The following morning, petitioner, when asked for explanation, related the foregoing, stating further that, in his belief, he had done all he could to avoid inconvenience to others. The court rejected the explanation: "I won't accept an excuse that you feel that a notice to your office by some secretary equates with the duty that you have to this Court,"[*] and summarily adjudged petitioner in contempt, fining him $250 "as a lesson." On the foregoing, it cannot be inferred that petitioner committed a willfully contumacious act in defiance of the court. Perhaps he could have attempted to telephone directly to the Trial Part, but we take notice that this, particularly at nine in the morning, is usually a frustrating experience. Further, respondent having indicated a disposition personally adversary to petitioner, both as shown in the stenographic record and in the affidavit submitted in this proceeding, he should not have sat in judgment, but referred the matter elsewhere for adjudication. Concur — Murphy, P. J., Kupferman, Birns, Markewich and Silverman, JJ.

---

[*] The substance of this phrase was also used in the court's mandate as descriptive of the allegedly contemptuous conduct.